IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| DAVID W. WORRELL, ) | |
| ) | CASE NO. BK18-41593 |
| Debtor(s). ) | A19-4006 |
| BANK OF DONIPHAN, ) | |
| ) | |
| Plaintiff, ) | CHAPTER 7 |
| ) | |
| vs. ) | |
| ) | |
| DAVID W. WORRELL, ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter is before the court on the plaintiff's motion for summary judgment (Fil. No. 20). No resistance was filed. James H. Truell represents the debtor-defendant, and Kristin Krueger and Elizabeth A. Luebbert represent the Bank of Doniphan. Evidence and a brief was filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is granted.

The plaintiff filed this adversary proceeding seeking a denial of the debtor's discharge pursuant to 11 U.S.C. § 727(a)(4) for failing to disclose the existence of and disposal of certain property of the bankruptcy estate. The assets and transactions at issue include the debtor's interest in two businesses, his ownership interest in certain vehicles as of the petition date, and his subsequent transfers of some of those vehicles – information that he admits he omitted from his bankruptcy schedules and Statement of Financial Affairs.

Section 727(a)(4)(A) of the Bankruptcy Code authorizes the court to withhold a discharge of all of a debtor's debts when the debtor knowingly and fraudulently makes a false oath or account in the bankruptcy case. The purpose of § 727(a)(4)(A) is to "promote[ ] truth-telling in the statements and schedules so that creditors and trustees will not have to resort to independent investigation and fact-finding." *Wetzel v. Eichler (In re Eichler)*, 599 B.R. 31, 46 (Bankr. E.D. Ark. 2019) (quoting *Daniel v. Boyd (In re Boyd)*, 347 B.R. 349, 355 (Bankr. W.D. Ark. 2006)). The Bankruptcy Code's disclosure requirement "has implications beyond the administration of each individual bankruptcy case because '[t]he failure to comply with the requirements of disclosure and veracity necessarily affects the creditors, the application of the Bankruptcy Code, and the public's respect for the bankruptcy system as well as the judicial system as a whole.'" *Id.* (quoting *National Am. Ins. Co. v. Guajardo (In re Guajardo)*, 215 B.R. 739, 742 (Bankr. W.D. Ark. 1997)). The ultimate goal "is to ensure 'full and complete disclosure of any and all apparent interests of any kind.'" *Id.* (quoting *Korte v. United States (In re Korte)*, 262 B.R. 464, 474 (B.A.P. 8th Cir. 2001)).

To deny a debtor a discharge under § 727(a)(4)(A), the plaintiff must prove that "the Debtor made a statement under oath; (2) the statement was false; (3) the Debtor knew the statement was false; (4) the Debtor made the statement with fraudulent intent; and (5) the statement related materially to the Debtor's bankruptcy case." *Kaler v. Charles (In re Charles)*, 272 B.R. 680, 684 (B.A.P. 8th Cir. 2012) (citing *Lincoln Sav. Bank v. Freese (In re Freese)*, 460 B.R. 733, 738 (B.A.P. 8th Cir. 2011)). Well-established case law holds that because the statements made by a debtor in his schedules and statements and at the meeting of creditors are signed under penalty of perjury and made under oath, they constitute "oaths" for purposes of § 727(a)(4)(A). *Id.* (citing *Korte*, 262 B.R. at 474); Fed. R. Bankr. P. 1008.

A false oath bars discharge in bankruptcy if it is both material and made with an intent to defraud. *Jordan v. Bren (In re Bren)*, 122 Fed. Appx. 285, 286 (8th Cir. 2005) (citing *Korte*, 262 B.R. at 474). The threshold of materiality is fairly low. *Cepelak v. Sears (In re Sears)*, 246 B.R. 341, 347 (B.A.P. 8th Cir. 2000). A matter is "material" if it concerns the discovery of assets or the existence and disposition of estate property, or bears a relationship to the debtor's business transactions or estate. *Mertz v. Rott*, 955 F.2d 596, 598 (8th Cir. 1992); *Ellsworth v. Bauder (In re Bauder)*, 333 B.R. 828, 830 (B.A.P. 8th Cir. 2005); *Chalik v. Moorefield (In re Chalik)*, 748 F.2d 616, 618 (11th Cir. 1984) (per curiam).

Intent can be established by circumstantial evidence, *Korte*, 262 B.R. at 474, and reckless disregard for the truth will support a finding of fraudulent intent for the purpose of denying a debtor his discharge under § 727(a)(4)(A). *Bank of Bennington v. Thomas (In re Thomas)*, 431 B.R. 468, 472 (B.A.P. 8th Cir. 2010) (citing *Korte* at 474).

In this case, the following facts are uncontroverted:

1. David Worrell filed a voluntary Chapter 7 bankruptcy petition on September 28, 2018.

2. The Bank of Doniphan is a secured creditor.

3. The bank's secured interest in the debtor's bankruptcy estate includes a blanket lien on his personal property.

4. The debtor filed his bankruptcy schedules and Statement of Financial Affairs on October 15, 2018, which he adopted as true and correct under oath at the first meeting of creditors on December 20, 2018.

5. Those schedules and the Statement of Financial Affairs have not been amended.

6. The following vehicles were registered in the debtor's name on or about the petition date:

| Year/Make | VIN | Date Title Acquired |
|---|---|---|
| a. 2004 Chrysler TNC | 2C4GP54L34R568928 | 04/20/2017 |
| b. 1982 Pontiac Grand Prix | G2AP3743CP536547 | 03/17/2017 |
| c. 2003 Nissan Murano | JN8AZ08W63W210501 | 02/02/2018 |

7. The debtor did not disclose the foregoing vehicles on his bankruptcy schedules.

8. The debtor transferred the following property within two years before filing for bankruptcy:

| Year/Make | VIN | Approximate Date of Transfer |
|---|---|---|
| a. 1990 Jayo Fold-Down Trailer | 1UJAJ01E2L1BF0815 | 5/5/2018 |
| b. 1980 Chevrolet Camaro | 1P87LAL524052 | 03/15/2017 |
| c. 2012 Carry-on Trailer | 4YMCL1623CM009126 | 04/10/2017 |
| d. 1988 Jeep Wrangler | 2BCCZ8118JB528363 | 04/20/2017 |

9. The debtor did not disclose these transfers in his Statement of Financial Affairs.

10. The debtor signed a commercial security agreement as a "partner of Brenda & Company Floral" on or about March 10, 2015.

11. The debtor did not disclose any current or former interest in Brenda & Company Floral in his bankruptcy schedules.

12. The debtor did not disclose any current or former interest in I-80 Tattoo in his bankruptcy schedules.

In his deposition, the debtor testified that he has been in the business of selling and trading vehicles since 2013 or 2014, although he is not licensed as an auto dealer. He further acknowledged that the vehicles listed above had been sold or transferred within the time period required to be disclosed on the Statement of Financial Affairs, but appears to claim that he did not need to disclose them because some of the transfers were made with the bank's knowledge. With regard to the Chrysler Town & Country and Nissan Murano vehicles owned by the debtor, he claims they are actually used in his daughter's floral business. He transferred his interest in the Nissan to his daughter post-petition. He also claims he "forgot" about the Pontiac Grand Prix and eventually sold it and accordingly did not list it in his schedules.

The debtor also admits that he sold the Jayo and Carry-On trailers and the Camaro and the Wrangler. He claims he "forgot" to disclose the transfer of the Wrangler, but offers no explanation for not disclosing the other transfers.

As to the business interests identified by the bank, the debtor asserted in the joint preliminary pretrial statement that he did not consider himself to be financially involved in any of the businesses. He stated that "Brenda & Company Floral was purchased primarily by his daughter . . . [and] was never ow[n]ed or operated by" the debtor, although the business's vehicles are in the debtor's name for insurance purposes. JPPS at 7-8 (Fil. No. 17). By the time of his deposition in this case, the debtor had come to realize that he should have disclosed this interest, given that he executed the purchase agreement, made the down payment, executed a promissory note individually and as a partner in the business, and identified himself as owner. Worrell Dep. 75:12-76:8, 83:2-20, 83:21-84:11, 86:12-88:1, 89:8-17 (Ex. A to Luebbert Decl., Fil. No. 22).

The debtor further explained that I-80 Tattoo was a business formed by a friend who did not have a tattooing license. The debtor allowed the business to operate under his license, although he had no financial interest in it. Because the debtor "was hoping to participate in the business and thought

of it as a future endeavor," he put a personalized "I80TA2" license plate on his vehicle in 2018 and drove a vehicle in early 2019 wrapped in I-80 Tattoo advertising. He says the vehicle in the I-80 Tattoo wrap was loaned to him by the business's owner. JPPS at 4, 9 (Fil. No. 17).

Debtors who intentionally file inaccurate and unreliable schedules are uncommon in this district, fortunately. By and large, debtors understand and comply with what is required of them. The court has previously explained the responsibilities of debtors who seek the protection of the bankruptcy system:

> [A]ll debtors are under a duty to provide complete and accurate information to the trustee. "Successful administration of the Bankruptcy Act hangs heavily on the veracity of statements made by the bankrupt." *Diorio v. Kreisler–Borg Construction Co.*, 407 F.2d 1330, 1331 (2d Cir. 1969) (quoted in *Jordan v. Bren (In re Bren)*, 122 Fed. Appx. 285, 289, 2005 WL 176232, at *4 (8th Cir. 2005) (Smith, J., dissenting)).
>
> > The Bankruptcy Code is designed to ensure that deserving debtors receive a "fresh start" by requiring them to provide complete, accurate, and reliable information at the commencement of the case, so that all parties may adequately evaluate the case and the estate's property may be appropriately administered. "Neither the trustee nor the creditors should be required to engage in a laborious tug-of-war to drag the simple truth into the glare of daylight." *Boroff v. Tully (In re Tully)*, 818 F.2d 106, 110 (1st Cir. 1987).

*Bren*, 303 B.R. at 614, *aff'd in part*, 122 Fed. Appx. 285, 2005 WL 176232 (8th Cir. Jan.27, 2005).

> Debtors must make full and complete disclosures on their bankruptcy schedules, and it is not up to a debtor to decide upon the relevance or value of assets or information before including it on his or her schedules. This requirement enables the trustee and creditors to rely on the information supplied by the debtors.

*Rutland v. Petersen (In re Petersen)*, 323 B.R. 512, 517 (Bankr. N.D. Fla. 2005) (internal citations omitted).

Likewise,

> The Debtor is not to decide for himself the nature of his interest in property, the value of that property or the amount of his equity therein. Also, he is not to decide for himself which questions on the Statement of Affairs should be answered fully, completely and truthfully. The Debtor cannot omit information required of him simply because he believes or decides the property omitted has no value or the information is not necessary. This is for the creditors and the Court to decide.

>   *Morrel, West & Saffa, Inc. v. Riley (In re Riley)*, 128 B.R. 567, 569 (Bankr. N.D. Okla. 1991).
>
>   Clearly, the debtor is ultimately responsible for the veracity of the information contained in her bankruptcy schedules. *Bren*, 303 B.R. 610; *Kaler v. McLaren (In re McLaren)*, 236 B.R. 882 (Bankr. D.N.D. 1999).

*In re McKain*, 325 B.R. 842, 848-49 (Bankr. D. Neb. 2005).

The evidence before the court here indicates Worrell knowingly made false statements under oath concerning his assets, which relate materially to his bankruptcy case. Whether the false statements or omissions were made with fraudulent intent is often difficult to establish on summary judgment, as it "depends largely upon an assessment of the credibility and demeanor of the debtor." *U.S. Trustee v. Govani (In re Govani)*, 509 B.R. 675, 683 (Bankr. N.D. Iowa 2014) (quoting *Phillips v. Epic Aviation (In re Phillips)*, 476 Fed. Appx. 813, 816 (11th Cir. 2012)).

However, reckless disregard for the truth can be used to establish fraudulent intent, *Bank of Bennington v. Thomas (In re Thomas)*, 431 B.R. 468, 472 (B.A.P. 8th Cir. 2010) (citing *Korte* at 474), and the sheer volume of misstatements and omissions on the schedules in this case demonstrates, at a minimum, Worrell's reckless indifference to the truth. The omissions go far beyond a memory slip or simple oversight.

The debtor's claim that he did not think he had an ownership interest in the floral shop is patently unbelievable given the extent of his financial involvement in the business, even if he was not engaged in the day-to-day operation.

With regard to the debtor's activities as a purported car dealer, he cannot have it both ways. If he is a dealer, he should have disclosed that business. If he is not, he cannot rely on the argument that he did not need to disclose his ownership interests in and transfers of vehicles because he was engaged in the business of buying, selling, and trading automobiles. Either way, he deliberately failed to disclose relevant information.

The debtor insured the Murano, Chrysler, and Grand Prix vehicles within a few months of filing bankruptcy. The failure to list them among his assets is more than mere oversight. Likewise, his argument that he buys and sells so many vehicles he cannot keep track rings hollow. It was incumbent upon him to provide complete financial information to the court, which he could or should have validated by referring to his personal and business records as he filled out the schedules and Statement of Financial Affairs.

The debtor's financial interest in the tattoo business is unclear from this record, so the court need not address whether that allegation should lead to denial of discharge because there is voluminous support for such a finding otherwise, as described above and as reflected by the fact that the debtor has not amended or corrected his schedules and statement of affairs even after the bank brought the omissions to his attention. The omissions and false statements render the schedules and Statement of Financial Affairs inaccurate and unreliable and therefore incapable of meriting a discharge of debts.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

"Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Because the bank has established the necessary elements of § 727(a)(4)(A) and because the debtor has utterly failed to demonstrate the existence of any genuine issues of material fact, summary judgment will be granted in favor of the bank.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. No. 20) is granted. Separate judgment will be entered.

DATED: December 5, 2019.

BY THE COURT:

/s/Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    James H. Truell
    Kristin Krueger
    *Elizabeth A. Luebbert
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.